Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*Morayo Orekoya*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORAYO OREKOYA, *individually and on behalf of similarly situated employees,*<br><br>　　　Plaintiff,<br><br>vs.<br><br>H2 MARKETING CONSULTANTS LLC, HEATHER HELLMANN<br><br>　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. FAIR LABOR STANDARDS ACT – MINIMUM WAGE (COLLECTIVE CLAIM)<br><br>2. FAIR LABOR STANDARDS ACT – RETALIATION (INDIVIDUAL CLAIM)<br><br>3. CALIFORNIA LABOR CODE – MINIMUM WAGE (INDIVIDUAL CLAIM)<br><br>4. CALIFORNIA LABOR CODE – OVERTIME WAGE (INDIVIDUAL CLAIM)<br><br>***PROPOSED NATION WIDE FLSA COLLECTIVE ACTION***<br><br>**JURY TRIAL DEMANDED** |

Comes now Plaintiff MORAYO OREKOYA, who alleges and complains as follows on information and belief, and who prays for relief from the court.

## SUMMARY

1. Plaintiff worked for Defendants H2 MARKETING CONSULTANTS LLC and HEATHER HELLMANN, who operated a business under various trade names including "Well Minded Media" and variations on "H2 Marketing"  Plaintiff's work consisted of updating online marketing content for Defendant's customers.  By agreement, Plaintiff was to be paid by the hour.  Defendant failed to pay Plaintiff's wages, even after multiple written demands.  Plaintiff has never been paid by Defendants, despite working for over 140 hours between 5/3/2022 and 6/2/2022.  Online reviews by past employees reflect that Defendants have a pattern and practice of refusing to pay employees.  Online complaints about Defendants include the following:

> Interns, "hires", and clients: BEWARE! Having worked for H2 Marketing Consultants in a full-time contract position for a little over 2 months, it grew apparent that the agency (and, specifically owner Heather Hellmann) engaged very unethical practices around internship labor and has a habit of not paying part-time and full-time employees.
>
> Most surprisingly, these practices included withholding due pay and avoiding the topic of employee payment for weeks at a time, in many cases. Expect to be overworked and - if you're lucky - underpaid.

> This agency (and, specifically owner Heather Hellmann) engaged very unethical practices around internship labor and has a habit of not paying part-time and full-time employees.
>
> Most surprisingly, these practices included withholding due pay and avoiding the topic of employee payment for weeks at a time, in many cases. Many employees have left over the past year due to unpaid wages due to them valued a multiple 1,000's of dollars.

> **Cons**
> Terrible woman to work for if you want to get paid. Never paid on time, always some excuse to not pay.

> **Pros**
> There are absolutely zero pros to working with H2 and the owner Heather Hellman
>
> **Cons**
> I firmly discourage anyone from trusting owner Heather Hellman with your career.

At least 11 other employees have been similarly affected by Defendants' scheme of obtaining labor and not paying for it and are collectively owed no less than $20,693.88

in unpaid wages, plus liquidated damages, attorney's fees, costs of litigation, and other remedies available. Plaintiff herself is owed no less than an additional $5,647.18 in unpaid wages, plus liquidated damages, interest, attorney's fees, costs of litigation, damages, and other remedies available. Additional aggrieved employees and former employees beyond those pled above are believed to exist. Plaintiff brings this action pursuant the U.S. Fair Labor Standards Act as a potential nationwide collective in which other affected employees may join, and also brings certain related individual claims.

## PARTIES

2. Plaintiff MORAYO OREKOYA (hereafter "PLAINTIFF") is an adult individual residing in California. PLAINTIFF was at all relevant times employed by H2 MARKETING CONSULTANTS LLC or a related entity and/or HEATHER HELLMANN, who also controlled such entities and directed and controlled their operations and payment of wages.

3. Defendant H2 MARKETING CONSULTANTS LLC (hereafter "H2") is a private business and employer doing business in and employing staff in several states, including in California within San Joaquin County and organized pursuant to Missouri law.

4. Defendant HEATHER HELLMANN (hereafter "HELLMANN") is an individual person who owns, controls, directs, and oversees the pay of employees for H2 and a number of related enterprises or trade names including but not limited to "Well Minded Media," "Her Passion Builds," "Highest Power Network," and "H2 Media Co." HELLMANN lives in or about San Diego, California, as reflected by her website HeatherHellmann.com which includes the following:

> **QUESTIONS OR COMMENTS?**
>
> For more information on fees and availability, send me a message. Tell me about your event, and I will get back to you soon with more information.
>
> **HEATHER HELLMANN**
>
> San Diego, California, United States
>
> connect@heatherhellmann.com
>
> — SEND MESSAGE —

3
COMPLAINT

5. "Similarly situated employees" as used in this Complaint refers to other employees of HELLMANN, H2, and related entities controlled by HELLMANN and/or H2 who performed work as employees but were not paid timely, were not paid at all, and/or were not paid minimum wages. Claims of similarly situated employees are made pursuant to the U.S. Fair Labor Standards Act.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter, "FLSA").

7. Supplemental jurisdiction exists for Plaintiff's individual claims made pursuant to the California Labor Code because these claims arise from the same events, and are substantially similar with respect to relevant evidence, remedies, and defenses. (S*ee,* 28 USC § 1367.)

8. The acts and omissions giving rise to this litigation as to PLAINTIFF occurred in the geographic area of this Court's venue/jurisdiction, specifically in the County of San Joaquin, where PLAINTIFF worked.

9. H2 and HELLMANN are subject to personal jurisdiction in California because they employed persons, including PLAINTIFF and other similarly situated employees, in California.

10. HELLMANN is further subject to personal jurisdiction in California because she lives in the San Diego, California area.

## GENERAL FACTUAL ALLEGATIONS

11. PLAINTIFF was employed at all relevant times by H2 and HELLMANN.

12. PLAINTIFF and similarly situated employees were employed by H2 and HELLMANN at all times as non-exempt employees entitled to minimum wage and payment for any overtime worked in compliance with FLSA.

13. PLAINTIFF was employed by H2 and HELLMANN at all times as non-exempt employee entitled to minimum wage and payment for any overtime worked in compliance with the California Labor Code.
14. PLAINTIFF'S job duties included online marketing and website content updates.
15. PLAINTIFF was at all times a non-exempt employee pursuant to FLSA.
16. PLAINTIFF was at all times a non-exempt employee pursuant to the California Labor Code.
17. PLAINTIFF and similarly situated employees were not paid as required by FLSA as stated below:
    a. PLAINTIFF and similarly situated were employees hired by HELLMANN and H2 operating under various trade names (or alternatively by related entities controlled by HELLMANN and H2 for which HELLMANN and H2 abused the corporate form by obscuring the name of the employer, under-capitalizing the employer, and/or failing to properly register the employer with state secretaries of state as required by law).
    b. HELLMANN and H2 agreed to pay PLAINTIFF and similarly situated employees by the hour.
    c. HELLMANN and H2 did not pay PLAINTIFF and similarly situated employees for all hours worked.
    d. HELLMANN and H2 frequently did not pay PLAINTIFF and similarly situated employees when wages were due, thereby triggering a minimum wage violation requiring payment of liquidated damages in an amount equal to the wages paid late.
    e. As an example of such practices, PLAINTIFF worked for HELLMANN and H2 from about 5/2/2022 to about 6/3/2022.  In that time, PLAINTIFF worked *at least* the hours reflected in Table 1 below.  For the purposes of third party privacy, clients have been assigned numbers and counsel has summarized the task.  Original records available to the parties contain the unsanitized data.

**Table 1: PLAINTIFF'S Work 5/2/2022 to 6/3/2022**

| Date | Client | Task | Hours | Weekly Total Time | CA OT | FLSA OT |
|---|---|---|---|---|---|---|
| **Week 1** | | | | | | |
| 05/02/2022 | | | | 0 | | |
| 05/03/2022 | #1 | Web Page Configuration | 10 | 10 | 2 | |
| 05/04/2022 | #2 | Blog | 1 | 11 | 0 | |
| 05/04/2022 | #3 | Blog | 1 | 12 | 0 | |
| 05/06/2022 | #4 | Content update | 3 | 15 | 0 | |
| 05/07/2022 | #4 | Content edit | 6 | 21 | 0 | |
| 05/08/2022 | #4 | Content edit | 3 | 24 | 0 | |
| **Week 2** | | | | | | |
| 05/09/2022 | #4 | Content edit, updates | 10 | 10 | 2 | |
| 05/11/2022 | #4 | Content edit, updates | 10 | 20 | 2 | |
| 05/12/2022 | #4 | Content edit | 5 | 25 | 0 | |
| 05/13/2022 | #4 | Content edit | 4 | 29 | 0 | |
| **Week 3** | | | | | | |
| 05/17/2022 | #5 | Online reputation management | 5.5 | 5.5 | 0 | |
| 05/18/2022 | #4 | Meeting re content edits | 9 | 14.5 | 1 | |
| 05/18/2022 | #6 | Meeting/research | 3.5 | 18 | 0 | |
| 05/19/2022 | #4 | Content edit | 3 | 21 | 0 | |
| 05/20/2022 | #3 | Content, page configuration | 7.08 | 28.08 | 0 | |
| 05/21/2022 | #3 | Content site edit. | 5 | 33.08 | 0 | |
| 05/21/2022 | #4 | Image update | 2.3 | 35.38 | 0 | |
| **Week 4** | | | | | | |
| 05/23/2022 | #3 | Site update | 6 | 6 | 0 | |
| 05/24/2022 | #5 | Online reputation management. | 4 | 10 | 0 | |
| 05/25/2022 | #5 | Content site edit. | 4.02 | 14.02 | 0 | |
| 05/26/2022 | #4 | Content revision. | 3.3 | 17.32 | 0 | |
| 05/27/2022 | #5 | SEO marketing | 4 | 21.32 | 0 | |
| **Week 5** | | | | | | |
| 05/30/2022 | #5 | Online reputation management. | 12.3 | 12.3 | 4.3 | |
| 05/31/2022 | #4 | Content updates | 5.23 | 17.53 | 0 | |
| 06/01/2022 | #5 | Online reputation management. | 7.38 | 24.91 | 0 | |
| 06/02/2022 | #5 | Marketing links work | 6.42 | 31.33 | 0 | |

    f. PLAINTIFF was to be paid every other week, or in the alternative on the 15th day of the month and the last day of the month, adjusted for weekends and holidays.

    g. Despite multiple demands for payment, H2 and HELLMANN failed to pay PLAINTIFF any her wages due.  They have not paid even $1 of wages to PLAINTIFF.

    h. The failure of HELLMANN and H2 to pay wages due was at all times deliberate and intentional in its knowing violation of FLSA and, where applicable, the California Labor Code.  This is reflected by the number of persons whose wages H2 and HELLMANN have not paid. It is also reflected by the fact that on June 7, 2022 HELLMANN emailed, concerning PLAINTIFF, "I obviously can not send payment nor tracking today but I am and have been agreeable to pay her what she was owed in the original statement," yet as of the filing of this Complaint had still failed to transmit to PLAINTIFF any portion of her wages, even those wages HELLMANN did not dispute as being due.

    i. HELLMANN and H2 did not provide PLAINTIFF and similarly situated employees with accurate paystub records.

    j. HELLMANN and H2 did not maintain and retain accurate records of the work performed and work hours of PLAINTIFF and similarly situated employees.

18. HELLMANN'S and H2's conduct was a knowing and deliberate attempt to evade minimum wage laws, including FLSA and the California Labor Code.  HELLMANN and H2 were aware of all of their obligations under the FLSA, including but not limited to the obligations that employees must be compensated for all time spent working, that employees be paid overtime in compliance with law, and that accurate work time and wage records be maintained and provided to employees.  HELLMANN and H2 made the knowing and deliberate determination not to comply with FLSA and the California Labor Code.  HELLMANN's and H2's conduct was knowing, intentional, oppressive, and malicious, and justifies an award of punitive/exemplary damages.

19. PLAINTIFF was not paid as required by the California Labor Code.  All the violations of FLSA stated herein also violated the California Labor Code.  HELLMANN and H2 further violated the California Labor Code in that:

   a. PLAINTIFF worked more than 8 hours per day on some days, but was not paid 1.5 times her regular rate of pay.

20. When PLAINTIFF objected to nonpayment of wages, HELLMANN and H2 terminated her employment in retaliation.  Her complaints were the primary and a substantial motivating factor in the decision to terminate her employment.  PLAINTIFF's complaints for nonpayment of wages included written complaints transmitted to HELLMANN and H2 which were thereby filed with the employer.

## FIRST COUNT

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF

## FAIR LABOR STANDARDS ACTION 29 U.S.C. § 206

## (BY PLAINTIFF AND SIMILARLY SITUATED EMPLOYEES WHO OPT INTO THIS LITIGATION AGAINST HELLMANN AND H2)

21. All prior paragraphs are incorporated by reference.

22. HELLMANN and H2 failed to pay PLAINTIFF and similarly situated employees who opt into this litigation minimum wage for all hours worked.

23. PLAINTIFF and similarly situated employees who opt into this litigation pray for payment of all such wages due, liquidated damages in an equal amount of unpaid wages, attorney-fees, costs of litigation, and such other relief as the court may see fit to award.

24. The relevant statute of limitations is 3 years due the state of mind of H2 and HELLMAN as alleged herein.  Alternatively, the relevant statute of limitations is 2 years.

**SECOND COUNT**

**RETALIATION IN VIOLATION OF**

**FAIR LABOR STANDARDS ACTION 29 U.S.C. § 215**

**(BY PLAINTIFF AGAINST HELLMANN AND H2)**

25. All prior paragraphs are incorporated by reference.

26. H2 was at all relevant times was an employer subject to the Fair Labor Standards Act, including but not limited to 29 USC § 215, which renders it unlawful to retaliate against an employee for making a complaint about violations of FLSA-protected rights.

27. HELLMANN was at all relevant times was an owner an managing agent of employer who controlled operations and payroll decisions and actions, and was thereby subject to the Fair Labor Standards Act, including but not limited to 29 USC § 215, which renders it unlawful to retaliate against an employee for making a complaint about violations of FLSA-protected rights.

28. PLAINTIFF complained to HELLMANN and H2 of FLSA violations by complaining in writing and orally to HELLMANN of not being paid. PLAINTIFF'S complaints included but were not limited to:

    a. Complaining that she was not paid his wages due.
    b. Complainting that she was not paid on time.
    c. Complaining that her employer was not following the law on payment of wages.

29. As explained by the U.S. Department of Labor, Wage and Hour Division, it is unlawful pursuant to FLSA to retaliate against an employee in such circumstances:

    Retaliation occurs when an employer, including through a manager, supervisor, administrator or other agent, takes an adverse action against an employee because they engaged in a protected activity. Examples of protected activity include making a complaint to a manager, employer, or WHD; cooperating with a WHD investigation; requesting payment of wages; refusing to return back wages to the employer; complaints by a third party on behalf of an employee;

> consulting with WHD staff; exercising rights or attempting to exercise rights, such as requesting certain types of leave; and testifying at trial.
>
> …
>
> An adverse action is any action that could dissuade an employee from raising a concern about a possible violation or engaging in other protected activity, such as filing a complaint or cooperating in a WHD investigation.
>
> *Source: FIELD ASSISTANCE BULLETIN No. 2022-02, Protecting Workers from Retaliation, https://www.dol.gov/sites/dolgov/files/WHD/fab/fab-2022-2.pdf*

30. After PLAINTIFF raised issues about her pay, HELLMAN and H2 terminated her employment and further refused to pay even those wages they knew she was owed.

31. As a direct and proximate result of the foregoing, PLAINTIFF suffered harm/injury and attendant damages.

32. PLAINTIFF is entitled "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages" as well as attorney's fees and costs necessary for the collection of same.  See, 29 USC §216(b).

## THIRD COUNT
## VIOLATION OF CALIFORNIA LABOR CODE
## MINIMUM WAGE – LC § 1194
## (BY PLAINTIFF AGAINST HELLMANN AND H2)

33. All prior paragraphs are incorporated by reference.

34. The conduct by HELLMANN and H2 alleged herein violates the relevant California Industrial Welfare Commission Wage Order (likely Wage Order 4) and Cal. Labor Code §§ 1194, 1197, 1197.1 and related statues requiring payment of minimum wages.

35. The applicable Wage Order is Order 4.  See, https://www.dir.ca.gov/dlse/whichiwcorderclassifications.pdf; https://www.dir.ca.gov/IWC/IWCArticle04.pdf

36. The applicable Wage Order requires payment of wages for all hours worked. *See* IWC Wage Order No. 4 at section 4 [employees to be paid for "all hours worked."]
37. HELLMANN and H2 are liable under California Labor Code for unpaid wages, an equal amount in liquidated damages, interest on such wages, attorney's fees, costs of litigation, and such additional relief as may be proper and within the power of the court. *See*, Cal. Labor Code §§ 558.1, 1194, 1194.2

## FOURTH COUNT
## VIOLATION OF CALIFORNIA LABOR CODE
## OVERTIME WAGE – LC § 510
## (BY PLAINTIFF AGAINST H2)

38. All prior paragraphs are incorporated by reference.
39. The conduct by H2 alleged herein violates the relevant California Industrial Welfare Commission Wage Order (likely Wage Order 4) and Cal. Labor Code § 510 and related statues requiring payment of overtime wages.
40. H2 is liable under California Labor Code for unpaid overtime wages, interest on such wages, attorney's fees, costs of litigation, and such additional relief as may be proper and within the power of the court. *See*, Cal. Labor Code §§ 510, 1194, 1194.2

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For back pay;
2. For front pay;
3. For unpaid wages;
4. For liquidated damages;
5. For compensatory (economic and non-economic) damages;
6. For attorney's fees;
7. For costs of litigation;
8. For orders as necessary to administrate this matter as a collective action pursuant to FLSA, including but not necessarily limited to ordering notice as

appropriate for various stages of the litigation to all potential similarly situated claimants, including any opt-in claimants into this litigation, approving any settlement that may be proposed, and issuing orders to allow administering any settlement or trial proceeds as may be obtained in a trial in this matter.

9. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts claims of up to $120,000 including all monies due to Plaintiff and similarly situated employees, plus attorney's fees and litigation costs. This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

Respectfully submitted,

Date: July 1, 2022                                CLAYEO C. ARNOLD, PC

                                                 By:   /s/ Joshua H. Watson
                                                       Joshua H. Watson
                                                       Attorney for Plaintiff

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date: July 1, 2022                                CLAYEO C. ARNOLD, PC

                                                 By:   /s/ Joshua H. Watson
                                                       Joshua H. Watson
                                                       Attorney for Plaintiff

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> against my current/former employer named below, and any other related entities or affiliates (herein after collectively referred as "Defendants"). I authorize my attorneys to attach this consent form to any related complaint filed on my behalf, or as may otherwise be appropriate.

2. This consent form relates to my employment associated with

   _____Well Minded Media, LLC and any related persons or entities_____.

3. I am informed and believe that during my employment, which was within the past three years, there were occasions when I did not receive proper compensation for all of my hours worked.

4. My claims include, but are necessary limited to the following:

   Failure to pay wages. Failure to pay minimum wages. Failure to pay overtime wages. Retaliation for complaint concerning wage and hour rights, including the right to be paid wages.

5. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date  06 / 06 / 2022

Signature  *Morayo Orekoya*

Name  Morayo Orekoya